CHRISTOPHER JOSEPH DESALVA (SBN 172209)
LAW OFFICE OF CHRISTOPHER JOSEPH DESALVA
45-902 Oasis Street, Suite D, Indio, CA 92201
Telephone: (760) 447-0031 | Email: desalvalaw@gmail.com

Attorney for Petitioner
YADDER JOEL SANCHEZ PAVON

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION — RIVERSIDE**

| | |
|---|---|
| YADDER JOEL SANCHEZ PAVON, (A246-557-943), | ) Case No.: ________________________ |
| Petitioner, | ) **VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; REQUEST FOR ORDER TO SHOW CAUSE WITHIN THREE (3) DAYS** |
| v. | |
| FERETI SEMAIA, Warden, Adelanto ICE Processing Center; JAIME RIOS, Field Office Director, U.S. Immigration and Customs Enforcement, Los Angeles Field Office; DAVID VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States, | ) **IMMEDIATE RELEASE REQUESTED** |
| | ) Immigration Court master hearing: September 9, 2026 (IJ Curtis G. White, Adelanto) |
| Respondents. | ) |

**VERIFIED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; REQUEST FOR ORDER TO SHOW CAUSE WITHIN THREE (3) DAYS**

## I. INTRODUCTION

1. Petitioner YADDER JOEL SANCHEZ PAVON (A# 246-557-943) is a thirty-seven-year-old citizen of Nicaragua who has lived in the United States since December 2022 pursuant to a grant of parole issued by the Department of Homeland Security itself. He has never been arrested for or convicted of any criminal offense. He has a pending application for asylum, a valid Employment Authorization Document, and a Social Security number, and he has worked as a welder and trained as a civil engineer. He has complied with every condition of his release and appeared for every immigration appointment for three and a half years.

2. On June 16, 2026, Petitioner did precisely what the government instructed him to do: he appeared at his scheduled check-in appointment with U.S. Immigration and Customs Enforcement ("ICE"). ICE arrested him at that appointment. Ex. E.

3. Petitioner has remained in Respondents' custody ever since — sixty-five (65) days as of the filing of this Petition. On August 5, 2026, an Immigration Judge denied him release, not on any finding that he is a danger or a flight risk, but on the sole ground that the court lacked jurisdiction to consider his custody at all. Ex. F.

4. Upon information and belief, Respondents assert that Petitioner is detained as an "applicant for admission" under 8 U.S.C. § 1225(b), and therefore may be held without any bond hearing. That position is contrary to law. Petitioner was not apprehended at a port of entry seeking admission. He was arrested in the interior of the United States, at a routine check-in, more than three and a half years after DHS released him into the country. His detention is governed by INA § 236(a), 8 U.S.C. § 1226(a).

5. Twenty-one days before this Petition, the Ninth Circuit held exactly that. In Rodriguez Vasquez v. Bostock, No. 25-6842, --- F.4th ---, 2026 WL 2196424 (9th Cir. July 30, 2026) (published), the court held that "aliens present without admission who are

apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)," and are entitled to a bond hearing under § 1226(a). The Immigration Judge's contrary ruling — which acknowledged that decision as "a contrary view" and followed the Board of Immigration Appeals instead — cannot stand. Ex. F.

6. Petitioner asserts four claims: (i) his detention without any individualized custody determination violates the Due Process Clause of the Fifth Amendment; (ii) his detention under 8 U.S.C. § 1225(b), and the revocation of his parole without the individualized justification required by 8 C.F.R. § 212.5(e), violate the Immigration and Nationality Act and its implementing regulations; (iii) Respondents' actions are arbitrary, capricious, and contrary to law under 5 U.S.C. § 706(2); and (iv) Respondents' confiscation and continued retention of his identity and work-authorization documents deprive him of property without due process of law.

7. Petitioner seeks his immediate and unconditional release from unlawful custody. He does not ask this Court to remand him to the agency that is unlawfully confining him, nor to order yet another hearing before a tribunal that has already disclaimed jurisdiction over his custody. In the alternative, and at most, he asks to be restored to the liberty he held without incident for three and a half years: release on conditions no more restrictive than those in effect immediately before his re-detention on June 16, 2026. His liberty was lawfully restored to him by the United States in December 2022, he held it without a single violation, and it was taken from him without lawful basis. This Court should order it restored.

## II. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. § 2241(a) and (c)(3), which authorize federal courts to grant the writ of habeas corpus to persons held in custody in violation of the Constitution or laws of the United States. See Hernandez v. Sessions, 872 F.3d 976, 987–88 (9th Cir. 2017). Jurisdiction is also proper under 28 U.S.C. § 1331 and Article I, Section 9, Clause 2 of the United States Constitution.

9. Upon the filing of this Petition, 28 U.S.C. § 2243 directs the Court to award the writ or issue an order directing Respondents to show cause why the writ should not be granted, and requires Respondents to make a return within three (3) days unless the Court extends that time for good cause.

10. No provision of the INA strips this Court of jurisdiction. 8 U.S.C. § 1226(e) bars review of discretionary judgments, but not constitutional or statutory challenges to the framework of detention itself. Demore v. Kim, 538 U.S. 510, 516–17 (2003); Jennings v. Rodriguez, 583 U.S. 281, 294–95 (2018).

11. Venue is proper in this District under 28 U.S.C. § 2241(d) and Rumsfeld v. Padilla, 542 U.S. 426, 442–43 (2004), because Petitioner is physically confined at the Adelanto ICE Processing Center, Adelanto, San Bernardino County, California, within this District, and his immediate custodian is located here.

**III. PARTIES**

12. Petitioner YADDER JOEL SANCHEZ PAVON is a native and citizen of Nicaragua, born November 23, 1988 in Masaya, Nicaragua. He was paroled into the United States in December 2022 and has resided continuously in Southern California since that date. He is presently detained at the Adelanto ICE Processing Center.

13. Respondent FERETI SEMAIA is the Warden of the Adelanto ICE Processing Center and is Petitioner's immediate custodian. Sued in official capacity.

14. Respondent JAIME RIOS is the Field Office Director of the Los Angeles Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement, with authority over Petitioner's custody. Sued in official capacity.

15. Respondent DAVID VENTURELLA is the Acting Director of U.S. Immigration and Customs Enforcement. Sued in official capacity.

16. Respondent MARKWAYNE MULLIN is the Secretary of the U.S. Department of Homeland Security and has ultimate authority over Petitioner's detention and parole status. Sued in official capacity.

17. Respondent TODD BLANCHE is the Attorney General of the United States. Sued in official capacity.

**IV. EXHAUSTION IS NOT REQUIRED AND WOULD BE FUTILE**

18. Section 2241 contains no statutory exhaustion requirement. Any prudential exhaustion requirement is excused where exhaustion would be futile, where administrative remedies are inadequate, or where irreparable injury may occur. Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (exhaustion is prudential and waivable); Laing v. Ashcroft, 370 F.3d 994, 1000–01 (9th Cir. 2004).

19. Exhaustion is futile here. Petitioner's claim is that his classification under 8 U.S.C. § 1225(b) is itself unlawful, and that his detention violates the Constitution and the INA — claims no immigration tribunal has authority to grant. The Immigration Judge denied release precisely because he concluded that he lacked jurisdiction over Petitioner's custody, and any appeal to the Board of Immigration Appeals would ask that body to disavow its own controlling precedent, Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), and Matter of Q. Li, 29 I&N Dec. 66 (BIA 2025). District courts in this Circuit have waived prudential exhaustion in precisely this posture. Cerro Huerta v. Bondi, No. 1:25-cv-00941-JLT-HBK (E.D. Cal. Jan. 9, 2026); Sanchez v. LaRose, No. 25-cv-3136-JLS-JLB (S.D. Cal. Nov. 24, 2025).

20. Upon information and belief, Petitioner's immigration counsel has taken a protective appeal of the Immigration Judge's custody ruling to the Board of Immigration Appeals. That appeal does not bar this Petition. The Board is bound by its own precedent in Matter of Yajure Hurtado and Matter of Q. Li and cannot grant the relief sought here; asking the Board to overrule itself is the definition of futility, and an appellate process measured in months cannot remedy a confinement that is unlawful today.

21. Each additional day of unlawful confinement is an independent and irreparable constitutional injury for which administrative review — measured in months — is an inadequate remedy.

## V. FACTUAL BACKGROUND

### A. DHS Apprehended Petitioner in 2022, Found His Fear of Persecution Credible, and Paroled Him Into the United States.

22. Petitioner entered the United States without inspection near El Paso, Texas, and was apprehended by the U.S. Border Patrol on or about December 14, 2022. His apprehension and processing are recorded on DHS's own Form I-213, Record of Deportable/Inadmissible Alien. Ex. A.

23. At the time of that apprehension, DHS exercised its discretion to release Petitioner on parole pursuant to INA § 212(d)(5)(A), 8 U.S.C. § 1182(d)(5)(A). By DHS's own account, CBP paroled Petitioner without issuing any charging documents and directed him to report to the nearest ICE office within sixty days of arriving at his destination address — which he did. Ex. A.

### B. For Three and a Half Years, Petitioner Complied With Every Condition and Built a Productive, Law-Abiding Life.

24. From December 2022 until June 2026, Petitioner reported to ICE as directed, appeared at every scheduled appointment, and complied with every condition of his release — as DHS's own records reflect. Ex. A.

25. Petitioner filed an application for asylum and related protection (Form I-589), which remains pending. Ex. C.

26. On the strength of that pending application, U.S. Citizenship and Immigration Services issued Petitioner an Employment Authorization Document (Form I-766, category C08) valid from March 14, 2024 through March 13, 2029, and he was issued a Social Security number. Ex. B.

27. Petitioner holds a degree in civil engineering and a postgraduate diploma in project management. He has worked as a welder, with hours and fringe-benefit contributions reported to the Brick Masons Trust Funds, Local 4. Ex. D. He is also an active member of a Church of the Nazarene congregation in Pomona, California.

28. Petitioner has resided continuously in Pomona, Los Angeles County, California. He has no criminal history of any kind, in any jurisdiction.

29. For three and a half years, Petitioner did everything the United States asked of him — and the government knew where he was at all times, because he told it, in person, at every appointment.

**C. On June 16, 2026, ICE Arrested Petitioner at His Own Check-In Appointment, Confiscated His Documents, and Detained Him Without Any Individualized Determination.**

30. ICE directed Petitioner to appear for a check-in appointment on June 16, 2026. He appeared, as he always had. Ex. E.

31. At that appointment, ICE officers took Petitioner into custody. He did not resist, flee, or fail to appear — the arrest was possible only because he complied.

32. The same day, DHS issued a Notice to Appear charging Petitioner with inadmissibility under INA § 212(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, and under INA § 212(a)(7)(A)(i)(I), and placed him in removal proceedings under INA § 240. On the face of the Notice to Appear, the box designating Petitioner an arriving alien is not checked; the box DHS checked is the one for "an alien present in the United States who has not been admitted or paroled." Ex. E.

33. At or around the time of his arrest, ICE confiscated Petitioner's Employment Authorization Document, Social Security card, driver's license, Nicaraguan passport, and cellular telephone. Upon information and belief, none of those items has been returned to Petitioner or his counsel.

34. No officer made — and no document reflects — any individualized determination that Petitioner presents a danger to the community or a risk of flight. Petitioner received no written notice of the reasons for the termination of his parole, as 8 C.F.R. § 212.5(e) requires.

35. Petitioner has been detained at the Adelanto ICE Processing Center since June 16, 2026 — sixty-five (65) days as of the filing of this Petition.

**D. The Immigration Judge Denied Release Solely for Lack of Jurisdiction — Expressly Declining to Follow Ninth Circuit Authority.**

36. On August 5, 2026, Petitioner appeared through counsel before Immigration Judge Curtis G. White at the Adelanto Immigration Court for a custody redetermination hearing. The Immigration Judge denied release. Ex. F.

37. The Immigration Judge made no finding that Petitioner is a danger to the community. He made no finding that Petitioner is a flight risk. The sole ground of decision was jurisdictional: that Petitioner is detained under INA § 235(b)(1), 8 U.S.C. § 1225(b)(1), and that under Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), and Matter of Q. Li, 29 I&N Dec. 66 (BIA 2025), the immigration court lacks jurisdiction to redetermine the custody of such a detainee. Ex. F.

38. The Immigration Judge acknowledged the Ninth Circuit's decision in Rodriguez Vasquez as "a contrary view," but followed the Board's precedent instead. He further found that Petitioner is not a member of the class certified in Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.). Ex. F. Petitioner's next master calendar hearing is scheduled for September 9, 2026 before Immigration Judge White. Ex. G.

**E. Petitioner Has No Criminal History.**

39. Petitioner has never been arrested for, charged with, or convicted of any crime in the United States, Nicaragua, or anywhere else. The mandatory-detention provisions of 8 U.S.C. § 1226(c) therefore cannot apply to him, and no statute commands his detention without an individualized custody determination.

## VI. LEGAL FRAMEWORK

**A. Section 1226(a), Not Section 1225(b), Governs the Detention of a Person Arrested in the Interior — and the Ninth Circuit Has So Held.**

40. The INA draws a structural line between two detention regimes. Section 1225(b) addresses "applicants for admission" — principally persons arriving at the border or ports of entry — while § 1226(a) authorizes the arrest and detention of a noncitizen already

inside the United States "pending a decision on whether the alien is to be removed," and pairs that authority with release on bond or conditional parole and an individualized custody determination. See Jennings v. Rodriguez, 583 U.S. 281, 287–89 (2018).

41. On July 30, 2026, the Ninth Circuit held in Rodriguez Vasquez v. Bostock, No. 25-6842, --- F.4th ---, 2026 WL 2196424 (9th Cir. July 30, 2026) (published), that noncitizens present in the United States without admission who are apprehended in the interior are detained under § 1226, not § 1225(b), and are entitled to bond hearings under § 1226(a). That published decision is binding on Respondents and on every immigration judge sitting within this Circuit.

42. Petitioner is not — and has never been — an "arriving alien." The regulation defines an arriving alien as "an applicant for admission coming or attempting to come into the United States at a port-of-entry," and provides that "[a]n arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after any such parole is terminated or revoked." 8 C.F.R. § 1001.1(q). That continuation clause has no application to Petitioner, because he never was an arriving alien to begin with: he entered between ports of entry, was apprehended by the Border Patrol in the interior of the El Paso sector, and was paroled from that posture. DHS's own charging document concedes the point: on the Notice to Appear, DHS did not check the box designating Petitioner an arriving alien — it checked the box for "an alien present in the United States who has not been admitted or paroled," and its lead charge is INA § 212(a)(6)(A)(i), the charge for presence without admission. The companion charge under INA § 212(a)(7)(A)(i)(I) rests on the statutory fiction of INA § 235(a)(1), which treats a person present without admission as an "applicant for admission" for adjudicative purposes; it does not — and cannot — transform an interior entrant into an arriving alien at a port of entry. Ex. E.

43. Nor may Petitioner be detained under § 1225(b)(1), the expedited-removal provision the Immigration Judge invoked. DHS never placed Petitioner in expedited-removal proceedings and never sought an expedited removal order against him. Instead, at the

moment of apprehension, DHS elected to parole him under INA § 212(d)(5)(A) — the statutory alternative to § 1225(b) detention — without even issuing charging documents. Ex. A. And in June 2026 DHS made a second election: it issued a Notice to Appear and commenced full removal proceedings under INA § 240. Ex. E. Expedited removal is in any event unavailable as to a person who was paroled into the United States and who has been continuously present for more than two years. See 8 U.S.C. § 1225(b)(1)(A)(iii)(II). Detention pending full § 240 removal proceedings, for a person with no criminal history who was arrested in the interior, is governed by § 1226(a).

44. To hold otherwise would mean that DHS may parole a person into the country, permit him to build a life for years in reliance on that status, and then — by unilateral, unexplained fiat — strip him of any custody hearing forever. Neither the statute nor the Constitution tolerates that result.

**B. Matter of Q. Li and Matter of Yajure Hurtado Do Not Control.**

45. Respondents' position rests on Matter of Q. Li, which treats the termination of parole as returning a noncitizen to § 1225(b) custody, and Matter of Yajure Hurtado, which holds that immigration judges lack jurisdiction over the custody of § 1225(b) detainees. Neither decision controls here, for three independent reasons. First, the operative custody event in this case is an interior arrest in June 2026, and a published decision of the Ninth Circuit — issued after, and contrary to, the Board's decisions — construes the statute to place such a detainee under § 1226. A decision of the Board cannot override the controlling construction of the court of appeals within this Circuit. Second, the Board's premise fails on these facts: Q. Li presupposes a person who was lawfully in § 1225(b) custody in the first place. Petitioner never was: he was never an arriving alien, was never subject to an expedited-removal order, and was paroled from an interior apprehension. Supra ¶¶ 42–43.

46. Third, the Board's interpretation commands no deference. "Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority." Loper Bright Enters. v. Raimondo, 603 U.S. 369, 412 (2024). Where the

Board's reading of §§ 1225 and 1226 conflicts with the published decision of the Ninth Circuit, the Ninth Circuit's construction governs.

47. Finally, the Immigration Judge's finding that Petitioner is not a member of the Maldonado Bautista class is beside the point. Class membership determines who shares in a class-wide remedy; it does not determine what the statute means. A published decision of the Ninth Circuit binds Respondents as to every person within the Circuit, class member or not.

**C. The Revocation of Parole Requires Individualized Justification.**

48. Parole granted under INA § 212(d)(5)(A) is an exercise of case-by-case discretion, and its termination is governed by regulation: the alien must be given "written notice" of the termination, 8 C.F.R. § 212.5(e), and DHS practice and due process alike require that revocation rest on an individualized assessment rather than a categorical policy. Petitioner received no written notice, no statement of reasons, and no individualized assessment of any kind.

49. A categorical decision to re-detain compliant parolees en masse is the antithesis of the case-by-case discretion the statute confers, and it is precisely the kind of unexplained departure from settled practice that the law forbids.

**D. Freedom From Physical Restraint Is the Core Liberty Interest the Due Process Clause Protects.**

50. "Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Detention is constitutionally permissible only when it bears a reasonable relation to a legitimate governmental purpose and is accompanied by adequate procedural protections. Id. at 690–92; Foucha v. Louisiana, 504 U.S. 71, 80 (1992).

51. These protections extend to all persons within the United States, regardless of immigration status. Mathews v. Diaz, 426 U.S. 67, 77 (1976). Where the Executive confines a person without any individualized determination of danger or flight risk, the

confinement lacks the special justification that due process demands, and habeas corpus supplies the historic remedy. Zadvydas, 533 U.S. at 690; Foucha, 504 U.S. at 80. And when custody is tested, it is the government that bears the burden of justifying continued detention by clear and convincing evidence. Singh v. Holder, 638 F.3d 1196, 1203–04 (9th Cir. 2011). Here, Respondents have carried no burden at all, before any tribunal, at any time. The Supreme Court in Jennings expressly reserved the constitutional question whether prolonged detention without a bond hearing comports with due process, 583 U.S. at 313–14; that question is squarely presented here.

## VII. CLAIMS FOR RELIEF

### COUNT ONE
### (Fifth Amendment — Procedural Due Process — Confinement Without Any Individualized Determination)

52. Petitioner realleges and incorporates by reference each allegation above.

53. Respondents have confined Petitioner for sixty-five days without any individualized determination — by any officer, at any level — that he presents a danger to the community or a risk of flight, and without notice, a statement of reasons, or an opportunity to be heard before a neutral decisionmaker. His three-and-a-half-year record of perfect compliance, culminating in his appearance at the very appointment where he was arrested, is the opposite of flight risk.

54. Each factor of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), condemns this detention. First, the private interest is the weightiest known to due process — freedom from physical restraint — and not an abstract liberty but a settled one, held for three and a half years under the government's own grant of parole, with federal work authorization, union employment, a pending asylum application, and deep community ties. Second, the risk of erroneous deprivation is total: Petitioner received no process whatsoever, and under Respondents' categorical no-jurisdiction position, none will ever occur. Additional safeguards — notice, reasons, and a hearing before a neutral decisionmaker — would plainly reduce that risk. Third, the government can assert no countervailing interest: no

officer or judge has found Petitioner dangerous or likely to abscond, and his documented history refutes both.

55. Petitioner's continued detention therefore violates the Due Process Clause of the Fifth Amendment, and the violation warrants his immediate release — or, at minimum, his restoration to the conditions of liberty in effect before June 16, 2026.

**COUNT TWO**
**(Violation of the INA and Implementing Regulations — 8 U.S.C. § 1226(a); 8 C.F.R. § 212.5(e))**

56. Petitioner realleges and incorporates by reference each allegation above.

57. Petitioner is detained pursuant to an arrest in the interior of the United States and is therefore held under 8 U.S.C. § 1226(a), which entitles him to an individualized custody determination and eligibility for release on bond or conditional parole. Respondents' classification of Petitioner under 8 U.S.C. § 1225(b) is contrary to the statute as construed by the Ninth Circuit in Rodriguez Vasquez v. Bostock.

58. Separately, the termination of Petitioner's parole without written notice or individualized justification violates 8 C.F.R. § 212.5(e) and the case-by-case discretion required by INA § 212(d)(5)(A). Detention premised on an unlawful parole revocation and an unlawful statutory classification is itself unlawful, and the writ should issue.

**COUNT THREE**
**(Administrative Procedure Act — 5 U.S.C. § 706(2) — In the Alternative)**

59. Petitioner realleges and incorporates by reference each allegation above.

60. This Count is pleaded in the alternative, to the extent any of Respondents' actions constitutes final agency action not fully redressable in habeas. Respondents' revocation of Petitioner's parole and reclassification of his custody — without notice, explanation, or individualized assessment, in departure from their own regulations and from the governing construction of the statute — are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, and should be set aside. 5 U.S.C. § 706(2)(A).

After Loper Bright, no deference attaches to the agency interpretation on which those actions rest.

**COUNT FOUR**
**(Fifth Amendment — Deprivation of Property Without Due Process — Confiscated Documents)**

61. Petitioner realleges and incorporates by reference each allegation above.

62. At his arrest, Respondents seized Petitioner's Employment Authorization Document, Social Security card, driver's license, Nicaraguan passport, and cellular telephone — property essential to his identity, his lawful employment, and the preparation of his immigration case — and, upon information and belief, have retained them without any process, receipt, or avenue for their return.

63. The continued retention of Petitioner's property without notice or any procedure for its return deprives him of property without due process of law. Petitioner is entitled to an order directing the return of each item.

**VIII. RELEASE BY THIS COURT IS THE ONLY ADEQUATE REMEDY**

64. The Immigration Judges sitting at the Adelanto Immigration Court, applying Matter of Yajure Hurtado and current EOIR directives, categorically deny custody redetermination to detainees whom DHS designates under § 1225 — regardless of individual circumstances. That is not conjecture in this case; it is the record. Immigration Judge White has already ruled that he lacks jurisdiction even to consider Petitioner's custody, while expressly declining to follow the Ninth Circuit's published decision. Ex. F. A remand for another hearing before the same court would be a hollow formality that prolongs, rather than remedies, the constitutional violation.

65. Nor does the administrative appellate path offer a remedy: the Board of Immigration Appeals is bound by its own precedent, and its sharply reduced bench issues custody decisions that overwhelmingly sustain detention. In that forum the outcome is preordained. The only adequate remedy for confinement that is unlawful today is the writ itself: release, ordered by this Court.

## IX. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1. ISSUE a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately from custody, without conditions of confinement and without electronic monitoring;

2. IN THE ALTERNATIVE, order Petitioner's release on conditions no more restrictive than those in effect immediately before his re-detention on June 16, 2026;

3. ORDER Respondents to show cause, within three (3) days of the filing of this Petition, why the writ should not be granted, pursuant to 28 U.S.C. § 2243;

4. ENJOIN Respondents, in aid of this Court's jurisdiction, from transferring Petitioner outside the Central District of California during the pendency of these proceedings;

5. ORDER Respondents to return to Petitioner his Employment Authorization Document, Social Security card, driver's license, Nicaraguan passport, and cellular telephone, and to file a status report within seven (7) days confirming Petitioner's release and the return of his property;

6. AWARD Petitioner his costs and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, to be requested by a properly filed separate motion; and

7. GRANT such other and further relief as the Court deems just and proper.

Dated: August 20, 2026
Respectfully submitted,

Christopher J. DeSalva

CHRISTOPHER JOSEPH DESALVA
LAW OFFICE OF CHRISTOPHER JOSEPH DESALVA
Attorney for Petitioner
YADDER JOEL SANCHEZ PAVON

**VERIFICATION (28 U.S.C. § 2242)**

I, Christopher Joseph DeSalva, declare as follows:

1. I am an attorney licensed to practice law in the State of California and before this Court, and I am counsel of record for Petitioner Yadder Joel Sanchez Pavon in this action.

2. Petitioner is detained at the Adelanto ICE Processing Center in Adelanto, California, and by reason of that detention is unable to verify this Petition personally.

3. Pursuant to 28 U.S.C. § 2242, I verify this Petition on Petitioner's behalf. I have read the foregoing Petition. The facts stated in it are true to the best of my knowledge, information, and belief, based upon my review of Petitioner's immigration records, the exhibits filed herewith, and information provided by Petitioner and his family.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 20, 2026, at Indio, California.

Christopher J. DeSalva

CHRISTOPHER JOSEPH DESALVA
Attorney for Petitioner

**CERTIFICATE OF SERVICE**

I, Dr. Victor M. Viruena, declare that I am over the age of eighteen years and not a party to this action. My business address is in Palm Desert, California. I act on behalf of Christopher J. DeSalva, Esq., counsel for Petitioner.

On August 20, 2026, the foregoing VERIFIED PETITION FOR WRIT OF HABEAS CORPUS, together with all exhibits, was filed electronically with the Clerk of the Court using the CM/ECF system, which sends notification of such filing to all counsel of record, including the United States Attorney's Office for the Central District of California as counsel for the federal Respondents. Service is complete upon electronic filing pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5-3.2.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 20, 2026, at Palm Desert, California.

Dr. Victor Viruena

DR. VICTOR M. VIRUENA
On behalf of Christopher J. DeSalva, Esq.

**INDEX OF EXHIBITS**
(Ordered by first citation in the Petition)

| Exhibit | Description | First Cited |
|---|---|---|
| E | Notice to Appear (June 16, 2026), charging INA §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) — arriving-alien box not checked — and record of Petitioner's arrest at his ICE check-in appointment | ¶ 2 |
| F | Bond Decision and Memorandum of the Immigration Judge denying custody redetermination for lack of jurisdiction (Hon. Curtis G. White, Aug. 5, 2026), with Addendum of Law | ¶ 3 |
| A | Form I-213, Record of Deportable/Inadmissible Alien, with continuation pages — December 14, 2022 apprehension, parole under INA § 212(d)(5) without issuance of charging documents, and June 16, 2026 report to ICE | ¶ 22 |
| C | Form I-589, Application for Asylum and for Withholding of Removal (pending) | ¶ 25 |
| B | Employment Authorization Document (Form I-766, cat. C08, valid 3/14/2024–3/13/2029) and Social Security card (copies — originals confiscated by ICE and not returned, ¶ 33) | ¶ 26 |
| D | Brick Masons Trust Funds, Local 4, statement of hours and contributions; civil engineering degree and postgraduate diploma | ¶ 27 |
| G | Automated Case Information (ACIS) printout — master calendar hearing of September 9, 2026 (IJ Curtis G. White) | ¶ 38 |